UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

MELANIE MORGAN, )
 )
    Plaintiff, ) No. 1:13-cv-00141
 ) Chief Judge Haynes
v. )
 )
MAURY COUNTY SHERIFF DEP'T and )
MAURY COUNTY REGIONAL MEDICAL )
CENTER, )
 )
    Defendants. )

## MEMORANDUM

Plaintiff, Melanie Morgan, a former inmate at the Maury County Jail in Columbia, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Maury County Sheriff Department and Maury County Regional Medical Center (MCRMC). Plaintiff seeks damages arising from the alleged denial of medical care and conditions of confinement. Before the Court is Defendant MCRMC's motion to dismiss (Docket Entry No. 8). Plaintiff has not filed a response.

For the reasons set forth below, the Court concludes that Defendant MCRMC's motion to dismiss should be granted because Plaintiff has failed to state a claim against this defendant.

According to her complaint, on August 23, 2013, Plaintiff injured her foot. Plaintiff was transported by wheelchair to the infirmary, where she was diagnosed with a sprain. She was given time off from work because of the injury. On October 4, 2013, jail staff noted that Plaintiff had a mark on her stomach from a burn. The corrections officer reported the burn to Nurse Sealey, who removed Plaintiff from kitchen duties. The burn was noted as being nearly healed. Plaintiff also alleges a number of other facts, none of which relate to medical treatment.

To state a claim for relief under § 1983, the Plaintiff must plead and prove that the defendants, while acting under color of state law, deprived her of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 103-05 (1976).

According to her complaint, Plaintiff alleges that she was removed from work duty when she sprained her foot, and removed from work duty when corrections staff noticed that she had been burned, and that as a result of the injuries, Plaintiff was improperly removed from her kitchen duties. Not only is such a claim not cognizable under federal law, Plaintiff also has not stated a claim for inadequate medical care. The facts do not suggest that Defendant MCRMC was deliberately indifferent to Plaintiff's serious medical needs. When a prisoner has received some medical attention and her claim is a challenge to the adequacy of care provided, federal courts are generally reluctant to second guess medical judgments. Hill v. Jones, 211 F.3d 1269, at *3 (6th Cir. 2000) (unreported). Plaintiff received some medical care, and she has failed to allege facts that present a violation of federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001). Plaintiff's other claims do not implicate her medical care, and as such, do not implicate Defendant MCRMC.

Absent a violation of federal law, Plaintiff is unable to prove every element of a § 1983 cause of action against Defendant MCRMC. Consequently, she has failed to state a claim upon which relief can be granted against Defendant MCRMC.

For these reasons, the Court concludes that Defendant MCRMC's motion to dismiss should be granted.

An appropriate order is filed herewith.

**ENTERED** this the __11th__ day of February, 2014.

                                             _____
                                             WILLIAM J. HAYNES, JR.
                                             Chief Judge
                                             United States District Court